**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL ORLANDO, | No. 15-55280 |
| Plaintiff-Appellant, | D.C. No. 8:13-cv-01090-DOC-JPR |
| v. | |
| LOS ALAMITOS RACING ASSOCIATION, a California corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted January 10, 2017
Pasadena, California

Before: TALLMAN and FRIEDLAND, Circuit Judges, and FABER,** Senior
District Judge.

Michael Orlando appeals the district court's order granting summary

judgment to Defendant Los Alamitos Racing Association in his action under Title

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable David A. Faber, Senior United States District Judge
for the Southern District of West Virginia, sitting by designation.

III of the Americans with Disabilities Act ("ADA"). Orlando alleged that he was denied an accessible path of travel to the Clubhouse portion ("Clubhouse") of the grandstand because the entrance through which most patrons entered had stairs, and the alternative path to the Clubhouse led to a locked door that had to be opened by a track employee who escorted him. The district court held that the racetrack's procedure for escorting disabled patrons through the locked door provided a reasonable alternative access route. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

First, the parties do not dispute that bypassing the stairs at the main entrance, whether by ramp or lift, was not readily achievable. *See* 42 U.S.C. § 12182(b)(2)(A)(iv). As such, it was proper for the district court to view the access route as an "alternative method" of making the racetrack's facilities available to disabled patrons. 42 U.S.C. § 12182(b)(2)(A)(v); 28 C.F.R. § 36.305(a); *see also* 28 C.F.R., Pt. 36, App. D § 4.3.2.

Second, Orlando has not alleged that being escorted ever materially delayed his entering the Clubhouse or that he was otherwise inconvenienced. Instead, Orlando argued that Los Alamitos was required to either keep the interior door unlocked or, at minimum, station someone outside the door during business hours to unlock it. However, Orlando has not explained why his alternatives would

2

provide meaningfully different access than the current procedure. Nor has he pointed to an aspect of the ADA that requires Los Alamitos to implement either of his preferred methods, and we have found none. Without more, Orlando's arguments are unavailing.

Orlando does not dispute that the racetrack has a legitimate operational concern in keeping the interior door to the Clubhouse locked—access to the Clubhouse requires patrons to purchase extra admission. The racetrack has also provided a reasonable procedure by which employees escort disabled patrons who pay to access the Clubhouse. *See Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1135 (9th Cir. 2012). Because Orlando has failed to show that Los Alamitos denied him the full and equal enjoyment of its facilities, *see* 42 U.S.C. § 12182(a), the district court's grant of summary judgment is

**AFFIRMED.**

Costs are awarded to the appellee.

*Orlando v. Los Alamitos Racing Ass'n*, No. 15-55280

FRIEDLAND, Circuit Judge, concurring in the judgment:

In my view, Orlando conceded more than the majority suggests. Although he initially contended that Los Alamitos was required to keep the interior door to the Clubhouse unlocked, Orlando ultimately agreed that the interior door could remain locked so long as an employee of Los Alamitos was stationed outside the door to unlock it when a disabled patron approached. Because Orlando failed to identify a legally salient distinction between stationing an employee outside the door to unlock it and the racetrack's current policy of escorting a disabled patron to the door and unlocking it, I concur in the judgment.